# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA D. THOMPSON, | CASE NO. 1:07-cv-01435-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| SGT. SMITH, et al., | |
| Defendants. | (Doc. 1) |

### Screening Order

**I.  Screening Requirement**

Plaintiff Pamela D. Thompson is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 22, 2007, Plaintiff consented to the jurisdiction of a magistrate judge.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall

dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, *supra*, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Plaintiff's Claim

### A. Summary of Complaint

On March 10, 2006, Plaintiff, a resident of Central California Women's Facility ("CCWF"), was placed in administrative segregation ("AD SEG") pending investigation. As a result of insufficient storage space, Defendant Smith required Plaintiff to ship her personal property home at Plaintiff's expense on April 4, 2006. On May 11, 2006, Plaintiff was released from AD SEG without receiving a SHU term. After Plaintiff filed a grievance, she was ultimately

allowed her typewriter, ribbon, walkman, boom box, clock, sandals, make-up, compacts, legal paperwork and credit of $100.83 for postage expenses.

In addition to Sgt. Smith, Plaintiff names as Defendants Associate Warden Greenberger, Assistant Appeals Coordinator Downs, and Property Officer Clark.  Plaintiff seeks an order permitting the return to her of all of her property at prison expense or monetary damages for the total value of her property, including unspecified missing property.

**B.     Missing Property**

Plaintiff alleges that some of her property was missing when she was released from AD SEG.  Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  The Due Process Clause protects prisoners from being deprived of their property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).   An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984); Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985).  In contrast, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, *supra*, 486 U.S. at 533.  The missing property is an unauthorized deprivation.   Because Plaintiff has remedies available under California law, she may not pursue a § 1983 claim based on the loss of his personal property.

**C.     Property Shipped From Prison**

Since Plaintiff retains ownership and control of the property that she elected to ship home, she cannot be said to have been deprived of it.  The lack of available storage required her to ship her belongings home at her own expense and, once her disciplinary investigation was favorably resolved, to pay for their shipment back to CCWF.  Plaintiff does not specify the nature of her constitutional claim.

Because Eighth Amendment claims of cruel and unusual punishment more commonly relate to physical or medical abuse or conditions of confinement, Plaintiff's claim is more appropriately characterized as a violation of due process under the Fourteenth Amendment.  If

3

sufficient storage space had been available for Plaintiff's belongings, she would not have had to ship them home until the investigation had resulted in her assignment to SHU.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff, *supra*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "[S]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state laws are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (*citations omitted*). The requirement that Plaintiff ship her belongings home while segregated pending a disciplinary investigation, and then pay again to return them to prison, does not rise to a level implicating the Due Process Clause. Accordingly, this claim fails to state a cause of action upon which relief may be granted.

**C.     Hearing Officers.**

Plaintiff's claims against Defendants Greenberger and Downs are based on their roles in Plaintiff's grievance hearings. Liability in a §1983 action may not be based on the actions of prison personnel in reviewing a prisoner's administrative appeal. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Even if a plaintiff's underlying complaint gives rise to a Constitutional violation, a hearing officer or other person does not violate the Constitution by failing to acknowledge and cure it. George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). *See also* Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) (complaint examiners who process and investigate plaintiffs' grievances not liable); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999) (supervisors who negligently fail to detect and prevent misconduct not constitutionally liable); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997) (individual only liable if he caused or participated in constitutional violation). Accordingly, Plaintiff's complaint fails to assert a cognizable cause of action against Greenberger and Downs.

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim under § 1983.  Because amending the complaint will not cure the deficiency, the Court will dismiss this action, with prejudice, for failure to state a claim.  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

Accordingly, based on the foregoing, it is HEREBY ORDERED that Plaintiff's complaint is dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   June 9, 2009**                              /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE